UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUHI REIMER,<br><br>   Plaintiff,<br><br>  v.<br><br>MEDIGAP LIFE, LLC<br><br>   Defendant. | Civil Case No.: 1:23-CV-00683-MSN-JFA |

**DEFENDANT MEDIGAP LIFE, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)**


## I. INTRODUCTION

Plaintiff has filed or threatened dozens of fraudulent, predatory Telephone Consumer Protection Act ("TCPA") cases and made hundreds of thousands of dollars extorting companies in the process.[1] Here, after foisting more than a quarter million dollars in expense on Medigap based on fraudulent claims, and only after Medigap refused to keel to Plaintiff's demands, Plaintiff asks the Court to *dismiss his own case* with prejudice. He does so to avoid a ruling on Medigap's Motion for Spoliation Sanctions (ECFs 47, 48, 55), which Judge Anderson explained at the hearing would hold Plaintiff to account for his intentional destruction of evidence.

It's clear why Plaintiff wants to avoid that ruling. Manufacturing and filing TCPA lawsuits is one of Plaintiff's primary income sources, and a ruling on spoliation would make it more difficult for him to cover up his fraud and extort other defendants. The message sent by allowing Plaintiff off the hook in the manner he seeks is just as clear: (a) others may manufacture TCPA claims and then delete evidence of their fraud; (b) there will be no consequences for such misconduct if it's followed by a voluntary dismissal—except for the victims of that fraud who alone must bear the costs, even if they amount to hundreds of thousands in unreimbursed fees; and (c) other similarly-situated defendants in Plaintiff's identical pending lawsuits, as well as the federal judges assigned to those cases, must repeat the same work Medigap engaged in to hold Plaintiff to account—unless he dismisses those claims before an adverse ruling too.

That said, Medigap doesn't oppose dismissal of Plaintiff's claims with prejudice because it sought terminating sanctions in its Spoliation Motion. But Medigap does oppose dismissal on the terms Plaintiff seeks to impose unilaterally: Dismissal "with each party bearing its own attorneys' fees and costs." Plaintiff's request isn't part of a negotiated settlement, so the Court

---

[1]   *See* Exhibit A (compiling similar TCPA cases filed by Plaintiff).

1

should deny Plaintiff's Motion in part, permitting him to dismiss his case with prejudice but without prejudice as to any claims or fees-related motions Medigap may have against Plaintiff.

Doing so will not only end this case on the merits, as Plaintiff requests, but also avoid the inequities of forcing Medigap to accept terms Plaintiff seeks to unilaterally impose to evade the consequences of his actions. Rejecting Plaintiff's unilateral imposition of terms that would effectively deprive Medigap of due process is appropriate for at least two reasons. First, Medigap has learned even more information about Plaintiff's fraud since the hearing on the Spoliation Motion. That information gives rise to additional independent claims against Plaintiff and makes an award of fees even more appropriate here. Second, the full relief Plaintiff seeks—dismissal to "circumvent an expected adverse result" (a ruling on spoliation)—is prohibited by Fourth Circuit authority. *See Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) ("The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result . . . .") (citing *Skinner v. First Am. Bank of Va.*, No. 93–2493, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995)).

In sum, the Court should dismiss Plaintiff's case with prejudice, reject his attempt to allocate fees and costs, and impose any other relief the Court deems appropriate. This includes the fees Medigap had to incur in bringing its Motion for Spoliation Sanctions, only to have Plaintiff dismiss before a ruling on the same, as well as the expenses of responding to Plaintiff's Motion to Dismiss his own claims to avoid an adverse ruling.

## II.   RELEVANT BACKGROUND

This is a putative class action lawsuit in which Plaintiff claims that he received communications intended for another person in violation of the TCPA and the Virginia Telephone Privacy Protection Act ("VTPPA"). *See generally* ECF 1. Medigap vehemently denies Plaintiff's

allegations because all the available evidence shows that Plaintiff consented to receive calls from Medigap when he submitted an online opt-in from a Windows computer.  That evidence similarly shows that Plaintiff submitted that online opt-in under someone else's name ("Rob," *see* Compl. ¶ 31) to manufacture a false narrative that he received "wrong number" calls.  ECF 25 at 2.  Plaintiff has made nearly identical allegations in most of his dozen-plus cases he's filed in federal court—using just as many attorneys, so they don't catch on to his scheme—including alleging he received unsolicited telemarketing calls for "Rob" from other unrelated companies.[2]  The individuals Plaintiff impersonated have phone numbers that differ from his own by just a digit or two, giving Plaintiff a facially plausible story for why he was receiving so many alleged wrong number calls.  Medigap even spoke with "Rob" here to confirm that his phone number differs from Plaintiff's by one digit and that he never requested contact from Medigap through an online opt-in.  *See* ECF 48-1 at 52 (sworn declaration from "Rob").

      Medigap raised these concerns during the parties' initial case management conference.  It explained that the Court should bifurcate discovery to address the dispositive issue of Plaintiff's consent, among others. The Court agreed and limited the first few months of discovery to issues relating to Plaintiff's consent.  *See* ECF 27; *see also* ECF 34 (extending phase 1 discovery).

      That initial discovery period not only confirmed what Medigap suspected (that Plaintiff submitted a fraudulent lead to manufacture a claim) but showed that Plaintiff tried to cover up his conduct too.  That is, Plaintiff threw out the only Windows computer he used during the period he opted in—*after* Medigap told him he opted in from a Windows computer and *while* he was

---

[2]    *See, e.g.*, *Reimer v. Move Holdings, et al.*, No. 2:2022-cv-00075, ECF 17 ¶¶ 6, 12 (C.D. Cal.) (alleging receipt of text messages addressed to "Chris"); *Reimer v. Tax Def. Network, LLC*, No. 3:2022-cv-00793, ECF 1 ¶¶ 24, 27, 30 (M.D. Fla.) (alleging receipt of phone calls intended for "Rob").

3

litigating a half-dozen other TCPA cases—to dispose of data that would've evidenced his consent and fraudulent scheme.

Medigap moved for spoliation sanctions—dismissal, fees, and any other available relief—shortly after it learned about Plaintiff's intentional destruction of his computer. *See* ECFs 47-48 (Spoliation Motion); ECF 55 (Reply in Support of Spoliation Motion). The Court held a hearing on the Motion on November 3, 2023. ECF 62. During that hearing, the Court found Plaintiff's testimony unbelievable and conduct troubling, suggesting that it would likely grant Medigap's request and dismiss Plaintiff's claims as a sanction.



- ███ Tr., 21:13-17 (attached as Exhibit B).
- ███ *Id.*, 23:6-7.
- ███ *Id.*, 24:17-25; 25:1-7.
- ███ *Id.*, 26:14-17.
- ███ *Id.*, 27:21-25.
- ███ *Id.*, 28:14-24.

ECF 64. It also stayed all discovery *sua sponte* and instructed Plaintiff to discuss resolution with Medigap before the Court's ruled on the Spoliation Motion, which it said it would do by Monday, November 13, 2023. *Id.*; *see also* ECF 63.

4

Plaintiff ultimately approached Medigap about settlement. But he did not offer to dismiss his case. He instead demanded that Medigap pay *him* tens of thousands of dollars, even though: (1) the Court was already inclined to issue terminating sanctions, among others; and (2) Medigap had already incurred significant legal expense litigating Plaintiff's claims (including after Medigap requested that Plaintiff dismiss his case months earlier) and preparing its Spoliation Motion. Medigap declined Plaintiff's demands. In response, Plaintiff *admitted what Medigap had been claiming all along* by moving to dismiss his own claims with prejudice, with "each party bearing its own attorneys' fees and costs," right before the Court ruled on the Motion for Spoliation Sanctions. Despite effectively admitting his fraud and spoliation of evidence by giving up his entire case to avoid a ruling on that issue, Plaintiff got exactly what he wanted: the Court refraining from issuing an order on Medigap's Motion. Medigap now opposes Plaintiff's Motion in part.

### III.   LEGAL STANDARD

"In deciding a Rule 41(a) motion, a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted)). The Court should also consider "any undue vexatiousness on the plaintiff's part." *Baiul v. NBC Sports*, 708 F. App'x 710, 713-14 (2d Cir. 2017) (denying plaintiff's motion to voluntarily dismiss, filed two years after initiating litigation, and while conducting parallel action in another jurisdiction, after district court "indicated it was inclined to impose sanctions") (citation omitted). Additionally, a court may consider whether the party is requesting a voluntary dismissal to avoid a near-certain adverse ruling. *See generally Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) (noting that

5

prior to voluntary motion to dismiss, "the district court had indicated to both parties how it planned to rule"); *see also Skinner*, 1995 WL 507264, at *2 (noting that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result).

### IV. ARGUMENT

Medigap agrees that the Court should dismiss Plaintiff's claims with prejudice.[3] But it doesn't agree that the Court should permit Plaintiff to unilaterally set the terms of that dismissal to avoid an imminent adverse ruling and limit Medigap's rights by asking to Court to force each side to bear their "own attorneys' fees and costs" (even on relief Medigap hasn't yet sought, an unfounded concept that would deprive Medigap of due process).

First, none of the cases Plaintiff cites in his Motion require the Court to grant his request for dismissal, even with prejudice, on Plaintiff's self-serving (and unjustified) terms. *Supra*, n. 3; *see also Kelly v. TD Bank USA, N.A.*, No. 3:21-CV-00242-SB, 2022 WL 4791981, at *11 (D. Or.

---

[3] Medigap, however, also notes that it's unclear whether Plaintiff's request for dismissal in any form should be permitted, at least without a ruling sanctioning Plaintiff first. Plaintiff's own cases show that courts aren't required to dismiss where there is "prejudice to a third party. . . or other extraordinary circumstances." *Amick v. Am. Elec. Power Co.*, No. 2:13-cv-06593, 2014 WL 3750017, at *2 (S.D. W. Va. July 29, 2014) (collecting cases). Both exceptions apply here. Dismissing Plaintiff's without any ruling on Plaintiff's intentional spoliation of evidence would require the defendants in his many other (and similar) pending TCPA cases to incur the immense expense of relitigating the *exact same* spoliation issue—even though it's ripe for resolution now. *See, e.g.*, *Reimer v. CallTrader LLC d/b/a HealthScout.com*, No. 3:23-cv-03582-SK, ECF 1, ¶ 17 (July 19, 2023) (alleging in still pending case that Mr. Reimer received healthcare-related calls beginning on February 8, 2023, exactly like in his case against Medigap); *Reimer v. Apollo Partners, LLC*, No. 2:23-cv-00182-BSJ, ECF 2-2, ¶¶ (Mar. 14, 2023) (same). And moving for dismissal to avoid the consequences of intentional spoliation of evidence is a "extraordinary circumstance"—including because the Fourth Circuit has held that a "that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result." *See Nesari*, 806 F. Supp. 2d at 861 (citing *Skinner*, 1995 WL 507264, at *2); *see also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (reversing and remanding, with instructions to either deny plaintiff's voluntary motion to dismiss "or craft well-tailored conditions" to avoid future prejudice).

Sept. 6, 2022), *rep. and rec. adopted*, 2022 WL 4776347 (D. Or. Oct. 3, 2022) ("As to the notice of voluntary dismissal, it is not clear if [plaintiff's] counsel's representation that each party would bear their own attorney's fees was due to his own negligence . . . or an attempt to prevent or dissuade [defendant] from filing a motion for attorney's fees. However, it is undisputed that Kelly's counsel could not unilaterally prevent TD Bank from moving for an award of attorney's fees."); *Otto v. Abbott Lab'ys Inc.*, No. 5:12-CV-01411, 2016 WL 7665413, at *1 (C.D. Cal. Feb. 24, 2016) (granting plaintiff's request to voluntarily dismiss but rejecting "[p]laintiff's unilateral request for the parties to each bear their own fees and costs").  Nor can Plaintiff unilaterally require Medigap to accept a dismissal "with each side bearing its own attorneys' fees and costs"—on the eve of a ruling that may have award those very fees and costs to Medigap no less.[4] *See Burris v. JPMorgan Chase & Co.*, 341 F.R.D. 604, 612 (D. Ariz. 2022) (holding that Rule 37's "displacement effect" on certain sanctions doesn't affect the court's authority to award fees and costs, and awarding such fees after entering termination sanctions under Rule 37 for spoliation of computer ESI); *see GMS Indus. Supply, Inc. v. G&S Supply, LLC*, No. 2:10-CV-324 (RCY), 2022 WL 3635325, at *3 (E.D. Va. Aug. 23, 2022) (awarding non-spoliating party attorneys' fees associated with briefing and investigating spoliation).

  Second, it would be unjust to allow Plaintiff to dismiss his case with prejudice and force Medigap to give up its right to fees, costs, and other claims it may have.  Doing so would permit Plaintiff to avoid the consequences of his misconduct here: intentionally destroying critical evidence to cover up his fraud (the Windows computer from which he allegedly submitted his online opt-in consent form).  *See Skinner*, 1995 WL 507264, at *2) (prohibiting dismissal when

---

[4]  Before opposing Plaintiff's Motion, Medigap's counsel asked counsel for Plaintiff to remove the request for each side to bear its own fees and costs.  Plaintiff's counsel declined to do so.

7

the plaintiff just seeks to avoid an adverse result). And it would let Plaintiff off the hook for an ongoing fraudulent scheme—submitting his phone number under the names of others who have similar ones to make it appear like he was receiving "wrong number" calls. *See* ECF 48 at 3-11 (detailing relevant factual background). The latter is especially important because the undersigned has obtained even *more* specific information bearing on the extent of Plaintiff's fraud since the hearing on the Spoliation Motion. *See* Fed. R. Civ. P. 9(b) (noting fraud must be pleaded with particularity). Rule 41 doesn't operate as a "get out of jail free" card.

## V. CONCLUSION

Dismissal is appropriate here. But it's unjust to grant such relief on the inequitable terms Plaintiff unilaterally seeks to impose. As detailed in the attached proposed order, Medigap instead requests that the Court dismiss Plaintiff's case with prejudice, but (1) without each party bearing its fees and costs; and (2) without prejudice as to any claims Medigap may have against Plaintiff. Medigap also asks the Court to award any other relief it deems just and proper, including the expenses Medigap had to incur in bringing its Sanctions Motion, only to have Plaintiff dismiss before a ruling on the same, as well as the expenses of responding to Plaintiff's Motion to Dismiss his own claims to avoid an adverse result.

Dated: November 13, 2023

Respectfully Submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein
**WATSTEIN TEREPKA, LLP**
Ryan D. Watstein
*Admitted Pro Hac Vice*
ryan@wtlaw.com
Matthew A. Keilson
mkeilson@wtlaw.com
*Admitted Pro Hac Vice*
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
678-372-7333

8

                                                                                                       */s/ Attison L. Barnes, III*
Attison L. Barnes, III
**WILEY REIN, LLP**
Attison Leonard Barnes, III
abarnes@wiley.com
2050 M Street, NW
Washington, DC 20036
202-719-7049

*Attorneys for Defendant Medigap Life, LLC*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on November 13, 2023, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Attison L. Barnes, III*
Attison L. Barnes, III