UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUHI REIMER<br><br>      Plaintiff,<br><br>v.<br><br>MEDIGAP LIFE, LLC,<br><br>      Defendant. | Civil Case No.: 1:23-cv-00683-MSN-JFA |

**ORDER**

This matter comes before the Court on Plaintiff Ruhi Reimer's Motion for Voluntary Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Having reviewed the motion, Defendant Medigap Life, LLC's response thereto, and Plaintiff's reply brief, the Court will grant the motion in part and deny it in part.

On October 2, 2023, Defendant Medigap Life, LLC filed a motion for spoliation sanctions against Plaintiff Ruhi Reimer seeking dismissal, among other sanctions, of the instant civil action. Dkt. 47. Defendant alleged that Plaintiff had intentionally destroyed a computer, which Defendant described as "the most dispositive evidence in this case." Dkt. 48 at 13. Moreover, Defendant argued that Plaintiff's disposal of the computer deprived it of "crucial evidence for which there [was] no alternative." *Id.* at 21. In its response, Plaintiff argued that he was under no duty to preserve an "old and unused computer, which had no discernible connection" to the matter being litigated. Dkt. 54 at 16.

The Court held a hearing on the Motion for Spoliation Sanctions on November 3, 2023. Magistrate Judge John F. Anderson took the motion under advisement and informed the parties he

would issue a report and recommendation ("R&R") promptly.[1] On November 9, 2023, Plaintiff filed a Motion for Voluntary Dismissal with Prejudice. Dkt. 65. Defendant filed an Opposition to Plaintiff's Motion for Voluntary Dismissal with Prejudice on November 13, 2023. Dkt. 66.

Defendant argues that Plaintiff seeks dismissal of his own case with prejudice "to avoid a ruling on Medigap's Motion for Spoliation Sanctions…which would hold [him] to account for his intentional destruction of evidence." *Id.* at 1. Defendant does not oppose the dismissal of Plaintiff's claims with prejudice but asks this Court to permit Defendant to seek attorneys' fees and costs. Dkt. 65. Accordingly, Defendant requests that the Court dismiss Plaintiff's case with prejudice but "*without* prejudice as to any claims or fees-related motions" that Defendant may have against Plaintiff. *Id.* at 2.

Plaintiff argues that granting the relief Defendant seeks – the opportunity to petition the Court for reasonable attorneys' fees and costs – will "unnecessarily prolong this lawsuit and burden both the Court and the parties." Dkt. 70 at 7. Although the issue of attorneys' fees and costs is not directly before the Court and the parties should make no assumption regarding the likelihood of success should such a motion be filed, the Court finds that the timing of Plaintiff's Motion for Voluntary Dismissal with Prejudice was motivated by Plaintiff's desire to avoid an adverse ruling on Defendant's pending Motion for Spoliation Sanctions and that there is good cause to grant the limited relief Defendant seeks. Accordingly, it is hereby:

**ORDERED** that Plaintiff's Motion for Voluntary Dismissal with Prejudice is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** and **DISMISSED WITHOUT PREJUDICE** as to any claim Defendant Medigap Life, LLC may have

---

[1] During the hearing, Judge Anderson advised the parties that his R&R would likely be issued on or about November 13, 2023.

against Plaintiff Ruhi Reimer, including any motion for attorneys' fees.

**IT IS SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
November 30, 2023